# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| T.B., a minor child individually, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. 5:10-CV-186(MTT) |
| Bibb County Board of Education, *et al.*, | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Defendant Khoriandre Watkins Ware's Motion to Dismiss (Doc. 8). This matter arises from the May 8, 2008 rape of T.B., a minor, in a school classroom. Ware contends that the Plaintiffs' complaint fails to state a claim against her under 42 U.S.C. § 1983 because the complaint does not sufficiently and adequately allege that T.B. suffered a constitutional injury and, even if such an injury has been sufficiently alleged, there was no clearly established law as of the date of the incident informing Ware that her conduct would violate T.B.'s constitutional rights and therefore Ware is entitled to qualified immunity.

Although the complaint, in broad and vague terms, alleges that T.B.'s substantive due process rights were violated, the complaint is far from a model of clarity, particularly in view of the heightened pleading requirements for Section 1983 claims in this Circuit. *GJR Investments, Inc. v. County of Escambia, Florida*, 142 F.3d 1359, 1366 (11th Cir. 1998). Further, the Court rejects the Plaintiffs' suggestion that the Court should allow development of the facts through discovery to "flesh out" their allegations. This too

conflicts with Supreme Court precedent requiring district courts to resolve qualified immunity issues "at the earliest possible stage in litigation," and, if at all possible, prior to discovery. *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (internal quotation marks omitted).

Accordingly, the Court will construe the Defendant's Motion to Dismiss, in part, to be a motion for more definite statement pursuant to Fed. R. Civ. P. 12(e). See *Davis v. Coca-Cola Bottling Co. Consolidated,* 516 F.3d 955 (11th Cir. 2008); *Anderson v. District Board of Trustees of Central Florida Community College,* 77 F.3d 364 (11th Cir. 1996). The Plaintiffs shall, within fourteen days of the date of this Order, amend their complaint to provide a more definite statement of their claims against all Defendants. This amended complaint shall comply with the heightened pleading requirements required in this Circuit for Section 1983 claims. Accordingly, conclusory allegations, rather than factually detailed allegations, will not be sufficient. For example, if the Plaintiffs contend that clearly established law as of May 8, 2008 informed Defendant Ware that her conduct would violate T.B.'s substantive due process rights under the Fourteenth Amendment, they must specifically allege the facts they contend support this contention.

Defendant Ware need not file a response to the Plaintiffs' amended complaint; her pending motion to dismiss shall be considered filed in response to the amended complaint. However, Defendant Ware may file a supplemental brief addressing the allegations of the amended complaint within fourteen days of the filing of the Plaintiffs' amended complaint. No further briefing will be allowed absent leave of Court. The remaining Defendants not in default shall respond to the amended complaint in

accordance with Fed. R. Civ. P. 12.

Further, discovery is stayed pending the resolution of Defendant Ware's Motion to Dismiss. Accordingly, the parties are not required to submit a proposed Scheduling Order. The Court will reassess the need for a stay upon receipt of the Plaintiffs' amended complaint.

**SO ORDERED,** this the 1st day of October, 2010.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT