# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| T.B., a minor child individually, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. 5:10-CV-186(MTT) |
| BIBB COUNTY BOARD OF EDUCATION, *et al.*, | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on non-party movant Bibb County Department of Family and Children Services' ("DFCS") Motion to Quash. (Doc. 40). For the reasons set forth below, the Motion is **granted in part and denied in part**.

On March 17, 2011, the Defendants served a subpoena upon DFCS requesting the production of certain records related to this action. DFCS objected to the Defendants' subpoena, citing O.C.G.A. § 49-5-40, which provides that "each and every record concerning child abuse or neglect … shall not be disclosed or used outside the department for any other purpose other than conducting background checks to be used in foster care and adoptive placements." Section 49-5-41 contains an exception to this general rule of confidentiality: a court shall have "reasonable access" to such records "upon its finding that access to such records may be necessary for determination of an issue before [the] court; provided, however, that the court shall examine such record in camera, unless the court determines that public disclosure of the information contained

therein is necessary for the resolution of an issue then before it and the record is otherwise admissible under the rules of evidence."

By order of this Court dated May 16, 2011, DFCS was directed to deliver the records to the Court for an in-camera examination. The Court has examined the records and makes the following findings:

With regard to the records concerning T.B., the Court concludes that those records are not subject to production. The records are remote in time, and the allegations of neglect and abuse contained in the records are not relevant or necessary for the resolution of any issue before the Court. Moreover, even if the records concerning T.B. were relevant to an issue before the Court, pursuant to Federal Rule of Evidence 403, those records would not be admissible.

With regard to the records concerning Defendant Ikeia Phillips, those records are subject to production, as they are necessary for the determination of an issue before the Court. To the extent those records contain confidential or sensitive information, the Court will take the necessary precautions to ensure that information remains protected. The documents hereby ordered subject to production shall be disclosed only to the attorneys, experts, defendants, and employees of the defendants.

**SO ORDERED,** this 15th day of June, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT